Anthony MAYO, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (GOODMAN DIS-
TRIBUTION, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2014.

Decided Jan. 8, 2015.

George D. Walker, Jr., Philadelphia, for petitioner.

David F. Stern, Philadelphia, for respondent.

BEFORE: BERNARD L. McGINLEY, Judge, and ROBERT SIMPSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge SIMPSON.

In this appeal, Attorney Larry Pitt (Former Counsel) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) approving a compromise and release agreement (C & R Agreement) and ordering payment of the attorney fee in the C & R Agreement to Attorney David F. Stern (Current Counsel). Former Counsel con-

tends the WCJ and the Board erred in awarding Current Counsel the entire fee in the C & R Agreement where Former Counsel represented Claimant for a majority of the time, performed mostly all of the work regarding his claim, and was negotiating a settlement at the time of his discharge. Thus, Former Counsel asserts the WCJ should have equitably apportioned the C & R attorney fee and awarded Current Counsel an attorney fee based on *quantum meruit*. For the reasons that follow, we affirm.

## I. Background

In July 2010, WCJ Kathleen M. DiLorenzo (First WCJ) circulated a decision granting Claimant's claim petition and review petition seeking to amend a description of injury in a temporary notice of compensation payable. Based on Claimant's average weekly wage of $858.13, First WCJ awarded Claimant indemnity benefits at the rate of $572.08 per week for the February 2009 work injuries to his right knee and lower back. Following an initial three-week period of suspension, Claimant's entitlement to benefits began March 6, 2009 and continued onward until any alteration in accordance with the terms of the Workers' Compensation Act (Act).[1]

First WCJ's decision also approved Former Counsel's contingency fee agreement. Furthermore, the decision directed Goodman Distribution, Inc. (Employer) to pay the approved 20% contingency fee directly to Former Counsel. Pursuant to the fee agreement, Former Counsel would receive 20% of all compensation payable to Claimant as long as he received compensation.

In February 2012, Employer filed a petition for approval of a C & R Agreement. Prior to the C & R hearing before WCJ Joseph E. Hagan (Second WCJ), Claimant

discharged Former Counsel and entered into a contingency fee agreement with Current Counsel. Following the hearing, Second WCJ issued an April 2012 interlocutory order approving the C & R Agreement, but declining to address Former Counsel's challenge concerning the C & R attorney fee.

In August 2012, Second WCJ issued ·a decision and order upholding as valid Claimant's fee agreement with Current Counsel. Second WCJ noted Former Counsel received 20% of Claimant's benefits from the date of injury through the C & R hearing. He determined Former Counsel's fee agreement did not provide for any other attorney fee. Therefore, Second WCJ made the following findings:

1. This decision disposes of the attorney's fee in a recent Compromise and Release.

* * * *

3. [Claimant] testified to the satisfaction of this judge that he was making a knowing and intelligent decision regarding the [C & R Agreement]. That agreement was approved and an Interim Decision circulated 3 April, leaving the disposition of conflicting claim[s] for a fee to be decided.

4. [Former Counsel] submitted an Affidavit of Work Performed. [Former Counsel] had been receiving a fee of 20% of benefits continuously since a decision and order of [First WCJ] circulated 12 July 2010. That decision approved a 20% contingent fee payable out of [C]laimant's award. That fee was by all accounts paid through the date of the hearing.

5. [Claimant] discharged [Former Counsel] prior to 26 March 2012 and retained [Current Counsel]. He execut-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

ed a new fee agreement, which is not dated.

6. [Former Counsel] submitted a *quantum meruit* affidavit covering services from 10 March 2009 through 4 October 2011. The schedule does not include an hourly rate nor does it recite any time spent on any of the items listed. The 20% contingent fee was paid to [Former Counsel] from 12 February 2009 (payments beginning in mid–2010) through 26 March 2012.

7. [Former Counsel] was discharged as attorney on an uncertain date prior to the C & R hearing and [Current Counsel] was retained as counsel.

8. The [C & R Agreement] calls for a 20% fee of the proceeds amounting to $28,000. [Current Counsel] did not submit a *quantum meruit* schedule.

9. [Claimant] testified to the authenticity of [Current Counsel's] fee agreement and stated plainly that 'you [Current Counsel] were the only attorney that was able to obtain a settlement offer.'[2]

Second WCJ's Op., 8/1/12, Findings of Fact (F.F.) Nos. 1, 3–9 (footnote added).

Former Counsel appealed. In affirming, the Board reasoned (with emphasis added):

The record evidences that the C & R Agreement was executed some 2 to 4 months after Claimant discharged [Former Counsel]. Further, [Former Counsel's] office admitted on the record that it was unable to secure an offer of settlement from [Employer's] carrier. *If as [Second WCJ] stated, [Former Counsel's] [quantum meruit] Affidavit covers services rendered from March, 2009 to October, 2011, and [Former Counsel] received his fee from the February, 2009 date of injury until the date of the hearing in March, 2012, which was months after he was apparently discharged, we fail to see how [Former Counsel's] 20% fee was not adequately enforced and protected.* While there appears to be no dispute that the Fee Agreement with [Former Counsel] was approved, there is also no dispute that Claimant executed a new fee agreement with [Current Counsel]. A fee dispute arose, and in the context of dealing with it, [Second WCJ] had authority to determine a reasonable fee. [*Lawson v. Workers' Comp. Appeal Bd. (Temple Univ.)*, 857 A.2d 222 (Pa.Cmwlth.2004)]. Contrary to [Former Counsel's] contention, we believe [Second WCJ] acted appropriately and within his authority in approving the new Fee Agreement.

Bd. Op., 3/26/14, at 6–7. Former Counsel petitions for review.[3]

## II. Discussion

### A. Argument

Former Counsel contends the WCJ and the Board erred in awarding Current Counsel the entire fee in the C & R Agreement where Former Counsel represented Claimant for a majority of the time, performed mostly all of the work regarding the claim, and was negotiating a settlement at the time of his discharge. Former Counsel therefore asserts the WCJ should have awarded Current Counsel an attorney fee based on *quantum meruit.*

---

**2.** Claimant testified at the C & R hearing that Current Counsel was the only attorney to obtain a settlement offer. *See* WCJ's Hr'g, 3/6/12, Notes of Testimony (N.T.), at 11.

**3.** This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. 2 Pa.C.S. § 704; *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth.2011).

Former Counsel argues the WCJ has a duty to protect his fee interest. *Gingerich v. Workers' Comp. Appeal Bd. (U.S. Filter)*, 825 A.2d 788 (Pa.Cmwlth.2003). A balancing of rights must occur between the claimant's obligation to pay his attorney fee and the right to be represented by counsel of his choice. *Hendricks v. Workers' Comp. Appeal Bd. (Phoenix Pipe & Tube)*, 909 A.2d 445 (Pa.Cmwlth.2006). In balancing these rights, our Supreme Court looks to Sections 440 [4] and 442 [5] of the Act, 77 P.S. §§ 996, 998. Section 440 reflects a legislative intent of protecting claimants from unreasonable contests of their initial or continuing rights under the Act. *Weidner v. Workmen's Comp. Appeal Bd. (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242 (1982). Section 442 of the Act shows the Legislature's intent to protect claimants against unreasonable fees imposed upon them by their attorneys. *Id.*

■ Where the initial counsel filed a fee agreement prior to discharge, the WCJ and the Board have the authority to apportion a fee between successive counsel. *Hendricks.* Here, both fee agreements were filed with the respective WCJs. Thus, Former Counsel argues, Section 442 of the Act is the proper statutory means to make an equitable apportionment of the counsel fee. *Hendricks.* Section 442 does not require that the attorney fee be determined by a *quantum meruit* calculation. *Id.*

Former Counsel further argues that to disregard the value of work he performed on behalf of Claimant would amount to a capricious disregard of the facts in this case. *See Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002) (review for capricious disregard of material, competent evidence is appropriate in every agency case where such issue is raised). To limit Former Counsel to the attorney fee he received at the time of the C & R Agreement would capriciously disregard Former Counsel's efforts at settlement negotiations.

Thus, Former Counsel argues, an equitable division of the attorney fee should be based on the amount of time of representation. As such, Former Counsel asserts Second WCJ erred in failing to apportion the 20% fee contained in the C & R Agreement between past and present counsel. Further, Second WCJ should have considered that Former Counsel did almost all of the work, represented Claimant for the greatest period of time that he received compensation, and was negotiating a settlement at the time Claimant discharged him.

### B. Analysis

■ Under the Act, the WCJ is granted the authority to determine what constitutes a reasonable attorney fee. *Lawson.* It is also clear that the WCJ and the Board have the authority to allocate the attorney fee between two attorneys who represented a claimant. *Hendricks.* Further, a claimant's right to change counsel does not permit the claimant to unilaterally negate his liabilities toward former counsel. *Id.* (citing *Gingrich* ).

Here, Former Counsel, pursuant to his fee agreement with Claimant, received his 20% attorney fee from the February 2009 date of injury through the March 2012 C & R hearing. Notably, Former Counsel continued to receive his 20% fee even though Claimant discharged him two to four months prior to the C & R hearing. *See* Bd. Op. at 6. In his reply brief, Former

4. Added by the Act of February 8, 1972, P.L. 25, *as amended.*

5. *Id.*

Counsel indicated he received $14,952.34. *See* Pet'r's. Reply Br. at 3.

Further, at the C & R hearing, Former Counsel acknowledged the law firm did not have a settlement offer from Employer. N.T., 3/26/12, at 6. In *Thomas v. Workers' Compensation Appeal Board (Gunton Corp.)*, 2013 WL 3973805 (Pa.Cmwlth., No. 1489 C.D. 2012, filed April 9, 2013), a memorandum opinion, we reasoned that an attorney discharged prior to the time a settlement is reached is not entitled to an additional proportionate share of the contingent fee from the settlement proceeds based on the relative contributions of the attorneys. In reaching this conclusion, we cited the Superior Court's decision in *Mager v. Bultena*, 797 A.2d 948 (Pa.Super.2002), which states (with emphasis added):

> *No Pennsylvania appellate court has ever awarded a proportionate share of a contingency fee to a firm [or an attorney] discharged by the client prior to the occurrence of the contingency,* for the simple reason that a client may discharge an attorney at any time, for any reason. Once the contractual relationship has been severed, any recovery must necessarily be based on the work performed pursuant to the contract up to that point. *Where the contingency has not occurred, the fee has not been earned.*

An attorney, contrary to the argument urged upon us by [former counsel], does not acquire a vested interest in a client's action.

*Mager*, 797 A.2d at 958 (footnote omitted). Although *Thomas* is an unreported memorandum opinion, we nevertheless find its rationale persuasive in the present case. *See* Commonwealth Court Internal Operating Procedure No. 414, 210 Pa.Code § 69.414 (an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value).

■ In his reply brief to this Court, Former Counsel included an itemized "Quantum Meruit Affidavit." *See* Pet'r's. Reply Br., App. A. Although it appears Former Counsel failed to submit this affidavit into evidence,[6] he nonetheless represented he spent 36.6 hours on Claimant's case for work performed from March 10, 2009 through October 4, 2011. *Id.* At a rate of $300.00 per hour, Former Counsel asserted a *quantum meruit* claim for $10,980.00. Given Former Counsel's acknowledgment that he received $14,952.34 pursuant to his fee agreement with Claimant, we believe Former Counsel's earned fee was adequately enforced and protected. *See Thomas*, Slip. Op. at 6–7 (fees that former counsel already received as part of 20% attorney fee must be deducted from any award of *quantum meruit* fees). Therefore, we discern no error in Second WCJ's determination that Former Counsel's 20% attorney fee ended on the date of the C & R hearing. *Hendricks; Lawson.*

---

6. Second WCJ noted Former Counsel submitted a *quantum meruit* affidavit covering services from March 10, 2009 through October 4, 2011. Second WCJ Op, 8/10/12, F.F. No. 6. However that affidavit did not include an hourly rate or indicate the amount of time spent on the items listed. *Id.* As a general rule, only items which are part of the certified record are considered on appeal. *Kochan v. Dep't of Transp. Bureau of Driver Licensing*, 768 A.2d 1186 (Pa.Cmwlth.2001). Here, however, the WCJ and the Board reference Former Counsel's *quantum meruit* affidavit. *See* Bd. Op. at 6. Given our determination that Former Counsel received a greater attorney fee pursuant to his 20% fee agreement with Claimant than he would have received in a *quantum meruit* award based on the representations in his reply brief, we discern no harm in accepting the representations in Former Counsel's *quantum meruit* affidavit.

### III.  Conclusion

For the above reasons, we hold the WCJ acted appropriately in approving Current Counsel's fee agreement with Claimant. Accordingly, we affirm the order of the Board.

### *ORDER*

**AND NOW,** this 8th day of January, 2015, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**