# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dania Ballard,       :
      Petitioner  :
             :
      v.      :
             :
Workers' Compensation Appeal  :
Board (Valley Forge Colonial   :
Limited Partnership),     :
      Respondent :
             :
Petition of: Larry Pitt, Esquire and : No. 164 C.D. 2016
Larry Pitt & Associates    : Submitted: August 12, 2016


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE      FILED: October 13, 2016


   Larry Pitt, Esquire (Former Counsel) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed the allocation of counsel fees by a Workers' Compensation Judge (WCJ). Former Counsel argues the WCJ erred in rejecting his claim for the full amount of his *quantum meruit* fee. Upon review, we affirm.

   Dania Ballard (Claimant) engaged Former Counsel as her legal representative for a work-related injury sustained on June 6, 2013. On June 14, 2013, Former Counsel filed a Claim Petition on behalf of Claimant. On August 1, 2013,

Former Counsel attended a hearing on behalf of Claimant and introduced his fee agreement, which provided in relevant part that Former Counsel would receive "twenty percent (20%) of all compensation payable to [Claimant] for as long as [she] receive[s] workers' compensation benefits." (Reproduced Record (R.R.) at 1a.) Subsequent to this first hearing, Former Counsel attended a mandatory mediation session on behalf of Claimant and attempted to schedule the medical deposition of Claimant's treating physician. (R.R. at 9a.) On April 8, 2014, Claimant signed a contingent fee agreement with the firm of Pond, Lehocky, Stern, Giordano (Current Counsel), and discharged Former Counsel.

Current Counsel and counsel for Valley Forge Colonial (Employer) negotiated a settlement of the workers' compensation claim and attended a hearing on October 9, 2014 to seek approval of a Compromise and Release Agreement. Former Counsel appeared at the October 9 hearing and submitted an affidavit setting forth the legal services provided to Claimant. Claimant made clear at the hearing she was no longer represented by Former Counsel. (R.R. at 10a.) Following approval of the Compromise and Release Agreement, the WCJ directed Employer to remit $5,000.00 to Claimant as full and final settlement of her June 6, 2013 work injury. Counsel fees in the amount of $1,000.00 were ordered to be escrowed pending a review and allocation of those fees between Former and Current Counsel. On April 20, 2015, the WCJ issued an order directing that counsel fees be released, awarding Former Counsel $300.00 and Current Counsel $700.00. Former Counsel appealed this

2

decision to the Board, which affirmed the decision of the WCJ. This appeal followed.[1]

The crux of Former Counsel's argument is that, because he was not paid for his prior efforts on Claimant's case, he should be awarded the full value of his *quantum meruit* submission, which totals $4,275.00 in fees, an amount which is $725.00 less than Claimant's total recovery.

Section 442 of the Workers' Compensation Act,[2] in relevant part, provides that all counsel fees shall be approved by the workers' compensation judge or board, providing counsel fees do not exceed twenty percent of the amount awarded. Former Counsel's fee agreement provided he would be paid twenty percent of all compensation paid. Former Counsel was unable to advance the case to Claimant's satisfaction[3] and she therefore engaged Current Counsel, who successfully brought the matter to settlement.

The resolution of a fee dispute in the workers' compensation context must balance an attorney's legitimate expectations of a reasonable legal fee with a claimant's right to be represented by counsel of her choice. *Bierman v. Workers'*

---

[1] This Court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.)*, 109 A.3d 286 (Pa. Cmwlth. 2015).

[2] Act of June 2, 1915, P.L. 736, added by Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §998.

[3] Claimant submitted an affidavit which is part of the WCJ's record and in which she expressed her frustration with Former Counsel and the extreme difficulties in communicating with Former Counsel.

3

*Compensation Appeal Board (Philadelphia National Bank)*, 113 A.3d 38, 42 (Pa. Cmwlth. 2015). While a claimant has the absolute right to be represented by counsel of her choice, "that right does not allow [her] to unilaterally negate [her] liabilities toward [her] former counsel." *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445, 455 (Pa. Cmwlth. 2006). Where initial counsel filed a fee agreement prior to discharge, the WCJ and the Board have the authority to apportion a fee between successive counsel. *Id.*

Former Counsel cites *Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.)*, 109 A.3d 286 (Pa. Cmwlth. 2015), a matter in which he also appeared as counsel. Former Counsel offers *Mayo* as standing for the proposition that "an attorney discharged prior to the time a case is settled by way of Compromise [and] Release is not entitled to any proportionate share of the contingency fee from the settlement proceeds based on the relative contributions of the attorneys…" and that "first counsel is entitled to the value of services already rendered on a *quantum meruit* basis." (Petitioner's Brief at 10). We do not agree with this analysis. With regard to the case sub judice, we look to this Court's conclusion in *Mayo* that, having received $14,952.34 pursuant to his fee agreement with the claimant, counsel's earned fee was adequately enforced and protected. *Mayo,* 109 A.3d at 290.

The WCJ took into consideration the work performed by both Former Counsel and Current Counsel in allocating the available monies for attorney fees.

The WCJ acknowledged that Former Counsel had filed the Claim Petition and attended a hearing and mandatory mediation on behalf of Claimant. The WCJ also acknowledged that Current Counsel advanced Claimant's case and brought the matter to settlement to the satisfaction of Claimant. The WCJ made an equitable allocation of the available fees by awarding Former Counsel the amount of $300.00 and Current Counsel the amount of $700.00.

The authority to allocate the available money for attorney fees between successive counsel lies with the WCJ and, therefore, the WCJ did not abuse his discretion in allocating the fees to Former Counsel and Current Counsel. The WCJ also balanced Claimant's obligation to pay Former Counsel and her right to be represented by counsel of her choice. We hold that the WCJ acted appropriately in allocating attorney fees between Former Counsel and Current Counsel. Accordingly, we affirm the order of the Board.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dania Ballard, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Valley Forge Colonial | : | |
| Limited Partnership), | : | |
| Respondent | : | |
| | : | |
| Petition of: Larry Pitt, Esquire and | : | No. 164 C.D. 2016 |
| Larry Pitt & Associates | : | |

## O R D E R

AND NOW, this 13th day of October, 2016, for the reasons stated in the foregoing opinion, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
JOSEPH M. COSGROVE, Judge