# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Terrence Fitzpatrick, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1579 C.D. 2018 |
| | : | Submitted: April 18, 2019 |
| Workers' Compensation Appeal | : | |
| Board (Johnson & Johnson), | : | |
| Respondent | : | |

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: June 6, 2019**


In this appeal, Matthew Wilson, Esquire (Original Counsel), petitions for review of the October 30, 2018 order of the Workers' Compensation Appeal Board (Board) that modified in part and affirmed in part an order of a Workers' Compensation Judge (WCJ), approving a compromise and release agreement (C&R). The WCJ's order also awarded $42,000 in attorney fees to Jerry M. Lehocky, Esquire (New Counsel). Original Counsel contends the Board erred in awarding New Counsel the entire 20% contingency fee in the C&R agreement because Original Counsel negotiated the dollar amount that Terrence Fitzpatrick (Claimant) eventually accepted in the final settlement. For the reasons that follow, we affirm.

## I. Background

In June 2008, Claimant sustained a work-related injury. In May 2009, Johnson & Johnson (Employer) issued a notice of compensation payable, and Claimant began to receive indemnity benefits. In November 2009, Employer filed a notification of suspension or modification, suspending Claimant's benefits because he returned to work at earnings equal to or greater than his pre-injury average weekly wage.

In July 2010, Claimant hired Original Counsel as his legal representative and executed a 20% contingent fee agreement. Thereafter, in August 2010, Employer filed a supplemental agreement for compensation, reinstating Claimant's temporary total disability benefits.

In December 2012, Claimant, through Original Counsel, participated in a mediation with the WCJ. At the mediation, Employer made a settlement offer to Claimant in the amount of $162,500. Claimant rejected the offer. At a second mediation held in April 2013, Employer offered Claimant a higher lump sum settlement.[1]

In May 2013, Claimant discharged Original Counsel. Claimant then hired New Counsel and signed a fee agreement. In August 2017, New Counsel filed a petition to seek approval of the C&R agreement. By order dated September 11, 2017, the WCJ approved the C&R agreement between Claimant and Employer

---

[1] The amount of this offer appears to be in dispute. Original Counsel asserts the lump sum settlement offer was $225,000. See Pet'r Wilson's Br. at 8.

2

in the amount of a $210,000 lump sum settlement. Because Original Counsel asserted a 20% lien on the settlement proceeds, the WCJ placed $42,000 in attorney fees in escrow pending disposition of the fee dispute.

The WCJ determined New Counsel communicated with Claimant and Employer's counsel about the settlement, reviewed settlement documents, finalized the settlement, and prepared for as well as attended the hearing. However, the WCJ placed particular importance on Original Counsel's efforts, finding that he generated the dollar amount for the final settlement and attended two mediation sessions as part of negotiations. Thus, the WCJ split the 20% attorney fee between both attorneys, awarding $37,000 to Original Counsel and the remaining $5,000 to New Counsel.

On appeal, the Board modified in part and affirmed in part. The Board noted that the WCJ relied on dollar amounts cited only in the parties' briefs, but not found within the record, and thus, could not be considered by the Board on appeal. Relying on Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.), 109 A.3d 286 (Pa. Cmwlth. 2015), the Board found that Original Counsel's previous representation of Claimant years before the C&R agreement did not afford Original Counsel a portion of the contingency fee. Thus, the Board modified the WCJ's order to award New Counsel the entire 20% contingency fee in the amount of $42,000 and affirmed the WCJ's order in other respects.

Original Counsel petitioned for superseadas, which this Court denied in January 2019, finding that he did not satisfy the standard established in Pennsylvania Public Utility Commission v. Process Gas Consumers Group, 467 A.2d 805, 808-09 (Pa. 1983). Original Counsel petitions for review.[2]

## II. Discussion

## A. Argument

Original Counsel argues the Board erred in not awarding him any fees because he represented Claimant from August 2010 to April 2013, during which time he negotiated, via two mediations, lump sum settlement offers of $210,000 and $225,000, made in April 2013. More particularly, Original Counsel contends an offer was "on the table" before his discharge. Bierman v. Workers' Comp. Appeal Bd. (Philadelphia National Bank), 113 A.3d 38 (Pa. Cmwlth. 2015). In Original Counsel's view, he is entitled to 20% of the lump sum settlement amount because he negotiated the exact dollar figure of the final settlement reached by New Counsel. Original Counsel insists that the Board's decision, if affirmed, would render the mediation process obsolete because his efforts to negotiate the final settlement amount would not be compensated. Further, Original Counsel asserts the Board erred by finding that the parties' briefs were not part of the record.

---

[2] Our scope of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. 2 Pa. C.S. §704; Mayo v. Workers' Comp. Appeal Bd. (Goodman Distribution Inc.), 109 A.3d 286 (Pa. Cmwlth. 2015).

4

## B. Analysis

Pursuant to Section 442 of the Workers' Compensation Act (Act),[3] a WCJ has the authority to resolve fee disputes between two successive attorneys where the initial counsel filed a fee agreement prior to discharge. Hendricks v. Workers' Comp. Appeal Bd. (Phoenix Pipe & Tube), 909 A.2d 445 (Pa. Cmwlth. 2006). A claimant's right to change counsel does not permit the claimant to unilaterally negate his liabilities toward former counsel. Gingerich v. Workers' Comp. Appeal Bd. (U.S. Filter), 925 A.2d 788 (Pa. Cmwlth. 2003). A balancing of rights must occur between the employee's obligation to pay an attorney fee and the right to be represented by one's counsel of choice. Hendricks.

In finding that Original Counsel performed enough work to generate a settlement amount in the two mediation sessions, the WCJ awarded Original Counsel $37,000 of the $42,000 attorney fee award. In making this determination, the WCJ relied on exact dollar amounts not found within the record, but included in the parties' briefs. The record evidence only reveals Claimant's testimony that Original Counsel did not file any petitions on Claimant's behalf and represented Claimant for two hour-long mediation sessions, where offers were made but never accepted. The record does not indicate the exact amounts Original Counsel negotiated during those sessions. As a general rule, only items which are part of the certified record are considered on appeal. Mayo. Briefs are not part of the record.

---

[3] Act of June 2, 1915, P.L. 736, as amended, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §998.

Citing Claimant's testimony that no settlement offers were accepted during the time Original Counsel represented him, the Board found that Original Counsel never executed an actual settlement on Claimant's behalf. In Mayo we stated:

> Once the contractual relationship has been severed, any recovery must necessarily be based on the work performed pursuant to the contract up to that point. *Where the contingency has not occurred, the fee has not been earned.*

Id. at 290 (citation omitted).

An attorney discharged prior to the time a settlement is reached is not entitled to an additional proportionate share of a contingent from settlement proceeds based on the relative contributions of the attorney. Id. Stated otherwise, attorneys do not accrue vested interests in their client's actions. Id.

Claimant was dissatisfied with Original Counsel's representation during settlement negotiations and discharged him prior to reaching a settlement with Employer. In so doing, Original Counsel's representation of Claimant and efforts in this matter ceased after May 2013. At the time New Counsel reached a settlement with Employer that resulted in the approval of the C&R agreement in September 2017, Original Counsel had not been involved with this case for over three years. Under these circumstances, where no settlement offer was on the table when New Counsel negotiated the C&R agreement, we cannot find that the Board erred in awarding the 20% contingency fee from the C&R agreement to New Counsel.

6

### III. Conclusion

For the above reasons, we hold that the Board acted appropriately in awarding New Counsel the 20% contingency fee. Accordingly, we affirm the Board.

_____
ROBERT SIMPSON, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Terrence Fitzpatrick,           :
              Petitioner      :
                            :
        v.               :    No. 1579 C.D. 2018
                            :
Workers' Compensation Appeal  :
Board (Johnson & Johnson),     :
              Respondent   :

# O R D E R

**AND NOW,** this 6th day of June, 2019, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

 

                           _____
                           ROBERT SIMPSON, Judge