**Jeffrey GINGERICH c/o Donna S. Gingerich, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (U.S. FILTER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2003.

Decided June 6, 2003.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

Lori Ann Gala, Pittsburgh, for respondent.

Before: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Jeffrey Gingerich (Decedent) c/o Donna S. Gingerich (Claimant) petitions this court for review of the July 31, 2002, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to deny ongoing attorney fees to Claimant's attorney. We reverse.

Decedent died on September 8, 1994, while in the course of his employment with U.S. Filter (Employer). Claimant filed a fatal claim petition and was awarded workers' compensation benefits commencing on September 8, 1994, and continuing into the future for as long as she was qualified for them under the Workers' Compensation Act (Act).[1] (WCJ's Findings of Fact, No. 1, R.R. at 16.)

Elizabeth Gebhardt, Esquire, represented Claimant in the fatal claim proceedings. In the order approving the payment of benefits to Claimant, the WCJ approved ongoing attorney fees to Attorney Gebhardt in the amount of 20% of Claimant's compensation.[2] (WCJ's Findings of Fact, No. 2, R.R. at 16.) The WCJ's order

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, §§ 2501–2626.

**2.** Section 442 of the Act, *added by* section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 998, states that all counsel fees agreed upon by a claimant and an attorney for services performed in matters before a WCJ shall be approved by the WCJ.

stated that Employer shall "directly pay [Claimant's] counsel a fee of 20% of the amount of compensation payable, chargeable to [Claimant's] share." (R.R. at 76.)

Subsequently, Claimant received monies in a third party action that were in excess of Employer's accrued lien.[3] Attorney Gebhardt did not represent Claimant in the third party action; instead, Claimant was represented by John C. Evans, Esquire.[4] (*See* R.R. at 95, 99.)

On February 26, 2001, Claimant, represented by Attorney Evans,[5] entered into a Compromise and Release Agreement (Agreement) with Employer pursuant to section 449 of the Act.[6] The Agreement provided that: (1) Claimant retains all proceeds acquired from the third party action; (2) Claimant is not required to satisfy Employer's subrogation lien of $137,175.01 for the benefits already paid to Claimant; (3) Claimant releases Employer from all future payments of fatal claim benefits; and

(4) although Employer believes that Attorney Gebhardt is not owed ongoing attorney fees, should there be a determination to the contrary, Employer agrees to pay any attorney fees owed to Attorney Gebhardt. (WCJ's Findings of Fact, Nos. 3, 4, 6; R.R. at 16–17, 22, 26, 96, 99, 101–02.)

Employer sought approval of the Agreement from the WCJ, which held a hearing on the matter. After considering the evidence presented, the WCJ approved the Agreement. In doing so, the WCJ determined that Attorney Gebhardt was not entitled to additional attorney fees. Claimant appealed the WCJ's attorney fee decision to the WCAB, which affirmed the WCJ. Claimant now petitions this court for review.[7]

Claimant argues that the WCAB erred in affirming the WCJ's determination that Attorney Gebhardt is not entitled to additional attorney fees. Claimant contends that Claimant's waiver of future benefits in

---

3. An employer is subrogated to the right of an employee against a third party to the extent of the compensation payable by the employer. Section 319 of the Act, 77 P.S. § 671. "Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the [claimant] . . . and shall be treated as an advance payment by the employer on account of any future installments of compensation." 77 P.S. § 671.

4. Attached to Claimant's brief as Appendix A is a form showing the distribution of the proceeds from the third-party action, including the amount paid in attorney fees. However, this form is not part of the record certified to this court. Thus, we may not consider it here.

5. Although Attorney Evans represented Claimant in negotiating a compromise and release agreement with Employer, Claimant never terminated a Power of Attorney giving Attorney Gebhardt the right to a 20% attorney fee for representing Claimant in her workers' compensation proceedings. (R.R. at 101.)

6. Section 449 of the Act provides, in pertinent part, as follows:

(a) Nothing in this act shall impair the right of the parties interested to compromise and release, subject to the provisions herein contained, any and all liability which is claimed to exist under this act on account of injury or death.

(b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. . . .

77 P.S. § 1000.5.

7. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002).

the Agreement did *not* extinguish Attorney Gebhardt's right to ongoing attorney fees. We agree.

 Section 449(a) of the Act allows "parties interested to compromise and release ... *any and all liability* which is claimed to exist under this [A]ct." 77 P.S. § 1000.5(a) (emphasis added). We interpret this language to mean that a compromise and release agreement may address "any" liability, but not necessarily "all" liability, which is claimed to exist under the Act. Thus, if some such liability is *not* "compromised and released" in the agreement, then that particular liability still exists. In other words, a compromise and release agreement only extinguishes liability which is claimed to exist under the Act where the person with the claim specifically agrees to relieve the liable person from that liability.

 Here, Employer released Claimant from her liability for subrogation for past benefits paid, and, in exchange, Claimant released Employer from its liability for future benefits payable.[8] However, Attorney Gebhardt did not release Claimant from liability for a 20% attorney fee,[9] and Claimant could not release herself from this liability simply by waiving future benefits.[10] Thus, Claimant's liability for attorney fees still exists.

 Under the Agreement, Employer agreed to pay Attorney Gebhardt's attor-

---

**8.** Section 319 of the Act states that an employer is subrogated to the right of a claimant against a third party to the extent of the compensation payable, and any recovery against a third party in excess of the compensation already paid by the employer shall be treated as an advance payment by the employer on account of any future installments of compensation. 77 P.S. § 671.

Thus, the compensation paid by the employer to the date of the third-party recovery constitutes a claim against the recovery, payable *immediately* upon recovery to the employer. Any *recovery in excess* of the compensation paid to the date of the recovery *constitutes an advance of future compensation payable.*
*Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 596–97, 487 A.2d 794, 796 (1985) (emphasis added).
Because a recovery in excess of compensation paid constitutes an advance of future compensation payable, the employer is not required to pay benefits to the claimant until the excess money from the third-party recovery runs out; this period of nonpayment is known as the employer's "grace period." *Id.* at 600, 487 A.2d at 798. Our supreme court has held that, although the employer does not pay benefits to the claimant during the grace period, an attorney receiving a fee based on the compensation payable must be paid that fee during the grace period. *Id.*

Here, once Claimant obtained a third-party recovery in excess of Employer's subrogation lien, the amount of the lien, $137,175.01, was payable immediately to Employer. Moreover, the excess that Claimant received constituted an advance of future compensation payable; as a result, Employer was entitled to an appropriate grace period. During the grace period, Attorney Gebhardt was entitled to receive 20% of the compensation payable to Claimant despite the fact that Employer was not required to pay benefits to Claimant.

**9.** Attorney Gebhardt's claim against Claimant for attorney fees is a claim under the Act because the WCJ awarded attorney fees against Claimant's share of compensation under section 440(a) of the Act, *added by* section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996, and because the WCJ approved an amount of 20% of compensation payable under section 442 of the Act, 77 P.S. § 998.

**10.** As indicated above, under the Act, a recovery in excess of the compensation paid constitutes an advance payment of future benefits. 77 P.S. § 671. Thus, if Claimant is allowed to keep 100% of the excess from her third-party recovery, Claimant would be receiving 100% of future benefits. However, because Claimant owes Attorney Gebhardt 20% of future benefits under the Act for attorney fees, Claimant should receive only 80% of her future benefits.

ney fees if it were determined that Attorney Gebhardt is owed additional attorney fees. Because we have determined here that this is the case, Employer now is liable for the payment of Attorney Gebhardt's ongoing attorney fees.[11]

Because the WCAB erred in affirming the WCJ's decision regarding Attorney Gebhardt's right to ongoing attorney fees, we reverse.

### ORDER

AND NOW, this 6th day of June 2003, the order of the Workers' Compensation Appeal Board, dated July 31, 2002, is hereby reversed.

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. I do not believe that Claimant's counsel in the underlying original worker's compensation claim is entitled to ongoing attorney's fees for the grace period of 1,601 weeks, which amounts to over thirty (30) years.

Section 449 of the Workers' Compensation Act (Act)[1] provides that "[n]othing in this [A]ct shall impair the right of the parties interested to compromise and release, ..., any and all liability which is claimed to exist under this [A]ct." This is exactly what the parties did in this matter when they entered into the compromise and release releasing Employer from all future payments of fatal claim benefits and releasing Claimant from satisfying Employer's subrogation lien of the benefits already paid to Claimant.[2] In approving the compromise and release, the Workers'

Compensation Judge specifically found that Claimant fully understood the significance and consequences of executing the compromise and release agreement made by the parties. *See* Reproduced Record at 81.

Contrary to the majority's conclusion, I believe that all liability was released when the parties entered into the compromise and release even though Claimant did not specifically agree to relieve Employer from paying an ongoing attorney's fee from the future fatal claim benefits. I believe that when Claimant released Employer from all future payments of fatal claim benefits, the liability to pay the attorney's fees associated with those payments was also released. Thus, all liability was compromised and released. In order for there to be a liability for attorney's fees, there must first be a liability. As a result of the compromise and release, no ongoing benefits are owed. Therefore, there can be no legal liability due for ongoing attorney's fees because the source of the same has been extinguished by the principal, specifically Claimant. The majority's opposite conclusion is effectively interfering with the outside relationship between Claimant, as the client, and her counsel.

Moreover, the majority's reliance on *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 487 A.2d 794 (1985), for the conclusion that Claimant's counsel was entitled to receive 20% of the compensation payable to Claimant despite the fact that Employer was not required to pay benefits to Claimant is misplaced. *Rollins* did not involve a compromise and release situation but instead

---

**11.** In this case, Attorney Gebhardt is seeking attorney fees for the grace period only. Thus, Employer is required to pay Attorney Gebhardt appropriate attorney fees solely for that period of time.

**1.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1000.5, *added by*, Act of June 24, 1996, P.L. 350.

**2.** I note that Claimant's counsel has received attorney's fees from the benefits representing the amount of Employer's subrogation lien.

involved issues *surrounding* an illegal subrogation agreement and attorney's fees in connection with: (1) a successful prosecution of a third-party tort action; and (2) subsequent proceedings under the Act. More importantly, the issue of what party was required to pay the claimant's counsel who successfully defended the claimant on a subsequent termination petition was not determined by our Supreme Court but was remanded to the Workers' Compensation Judge, because the award of attorney's fees is in the discretion of the referee, to clarify who was charged with the liability for payment of the counsel's fee. Therefore, I believe that *Rollins* is not applicable to the present situation.

Accordingly, I would affirm the Board's order.