**Dolores BIERMAN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PHILADELPHIA NATIONAL BANK), Respondent.**

**Petition of: Larry Pitt, Esq.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 2015.
Decided April 1, 2015.

George D. Walker, Jr., Philadelphia, for petitioner.

Robert L. Cullen, Bristol, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and MARY HANNAH LEAVITT, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge RENÉE COHN JUBELIRER.

Attorney Larry Pitt petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) Decision resolving a fee dispute between Pitt and Attorney Richard L. Cullen (Current Counsel). The WCJ resolved the dispute by approving Current Counsel's twenty percent attorney fee related to a Compromise and Release (C & R) Agreement he negotiated on behalf of Dolores Bierman (Claimant) and awarding Pitt a fee of twenty percent of Claimant's workers' compensation (WC) benefits up to the date of the settlement. On appeal, Pitt argues that because he represented Claimant for twenty-six years and was in the process of negotiating a settlement at the time of his discharge as Claimant's counsel, the WCJ erred by awarding Current Counsel the entire contingency fee derived from the C & R Agreement. Because the WCJ adequately balanced Claimant's right to select an attorney of her choice with both attorneys' expectations of receiving reasonable legal fees, we affirm.

## BACKGROUND

On October 24, 1983 Claimant was injured during "the course of her employment with Philadelphia National Bank" (Employer). (WCJ Decision, Findings of Fact (FOF) ¶ 3.) Employer began to pay Claimant total disability payments pursuant to a Notice of Compensation Payable. (FOF ¶ 3.) Three years later, Employer filed a Termination Petition. (FOF ¶ 4.)

Claimant retained the legal services of Pitt to defend against the Termination Petition and entered into a Contingency Fee Agreement with Pitt on January 20, 1987, wherein Pitt was to receive twenty percent "of any and all compensation paid." (FOF ¶ 5.) The Termination Petition was granted but Claimant later succeeded on a Petition for Reinstatement. (FOF ¶¶ 7–9.) In a September 19, 1989 decision, a WCJ awarded Claimant $221.92 per week in total disability benefits and approved the fee agreement awarding Pitt twenty percent of Claimant's WC benefits. (FOF ¶ 9.)

Claimant continued to receive her total disability benefits and Pitt continued to receive a twenty percent fee for more than twenty years. (FOF ¶ 10.) There is no evidence that Pitt performed any legal work for Claimant after September 1989 until April 2012 when settlement negotiations between Pitt, on Claimant's behalf, and Employer's insurance carrier commenced. (FOF ¶¶ 10–11.)

On April 27, 2012, Pitt sent a letter to Employer's insurance carrier in which he acknowledged a settlement offer of $35,000 and issued a counter-offer of "the monetary equivalent of 5 years of wage loss benefits with continuing medical benefits." (FOF ¶ 12.) After additional negotiations failed to bear fruit, Pitt sent a letter to Employer's insurer on June 11, 2012 withdrawing the settlement offer on behalf of Claimant. (FOF ¶ 13; Ex. C–Pitt # 3.)

"On June 13, 2012[ ] Claimant entered into an Attorney Fee Agreement with" Current Counsel granting him twenty percent of Claimant's WC benefits in exchange for representing her interests in her WC claim. (FOF ¶ 14.) On the same day, Claimant sent Pitt a letter terminating his representation. (FOF ¶ 15.) The following day, Current Counsel filed, on Claimant's behalf, a Petition for Review

seeking resolution of the dispute between himself and Pitt as to which attorney was entitled to receive a fee of twenty percent of Claimant's WC benefits as of June 14, 2012. (FOF ¶ 16.)

A hearing on the Petition for Review was held on October 2, 2012, at which Claimant and her son, Richard Bierman, testified. (FOF ¶¶ 19–20.) Claimant testified as follows. Pitt did not provide any legal services for her from 1989 through 2010 and, since 2010, she spoke to Pitt on four occasions for fifteen minutes each. (Hr'g Tr. at 10–11.) Pitt was discharged because Claimant was not satisfied with the settlement Pitt negotiated with Employer's insurance carrier. (Hr'g Tr. at 36.) Claimant also stated that Current Counsel provided more legal services for her in the previous four months than Pitt has done in the previous ten years. (Hr'g Tr. at 13.)

Mr. Bierman testified as follows. He was with his mother at all her meetings with both attorneys. (Hr'g Tr. at 40, 44.) At their first meeting, Current Counsel advised Claimant to attempt to resolve any issues with Pitt prior to seeking new representation. (Hr'g Tr. at 40.) Mr. Bierman expressed frustration with Pitt for not allowing him or Claimant to see the paper trail of settlement negotiations. (Hr'g Tr. at 45.) Although Pitt allowed him to read items on his computer over his shoulder, Mr. Bierman was not satisfied and felt that Pitt was not forthcoming with all the facts. (Hr'g Tr. at 46–48.)

During the pendency of the proceedings on the Petition for Review, Claimant and Employer's insurance carrier entered into a C & R Agreement, which was approved by the WCJ on January 31, 2013. (FOF ¶ 22.) Pursuant to the C & R Agreement, Claimant received $75,000 plus ongoing medical benefits. (FOF ¶ 22.) The twenty percent counsel fee of $15,000 was placed in escrow pending resolution of the instant controversy. (FOF ¶ 22.)

The WCJ circulated a Decision and Order on April 19, 2013 adjudicating the Petition for Review. Therein, the WCJ found Claimant and her son credible and issued the following relevant findings of fact.

23. This Judge finds that Attorney Pitt was discharged as Claimant's lawyer on June 13, 2012. The law is clear that a client always has the right to discharge a lawyer, with or without cause. However, a claimant may not simply repudiate a previously approved attorney fee and Attorney Pitt never released Claimant from the contractual obligation under the contingent fee agreement. Therefore, this Judge finds that Attorney Pitt's entitlement to the [twenty percent] fee continued after June 13, 2012.

24. This Judge finds that the [twenty percent] fee agreement with [Current Counsel] is fair, reasonable and in accordance with the terms of the Act.

25. This Judge finds that the attorney fee in dispute and held in escrow amounts to $15,000.00. This Judge finds that the entire fee is payable to [Current Counsel]. In rendering this finding, this Judge reasons as follows:

a. It was [Current Counsel] that negotiated this $75,000 settlement and represented her through the settlement process. Attorney Pitt asserts that, at a minimum, he would be entitled to [twenty percent] of $35,000.00 which was the offer extended through Attorney Pitt in April 2012. However, that offer was rejected. Moreover, on June 11, 2012, the settlement negotiation process was abandoned and terminated when Attorney Pitt advised the carrier that the Claimant was not interested in a settlement and that she preferred to receive the weekly checks (C–Pitt# 3). The no-

tion of settlement was rejected while Attorney Pitt was still her lawyer. Therefore, when [Current Counsel] began to represent the Claimant, there was no offer still "on the-table," negotiations were not ongoing and [Current Counsel] began negotiations fresh and anew. Further evidence of this fact is that it took seven months after Attorney Pitt was discharged before the [C & R] Agreement was entered.

b. This Judge acknowledges that it was Attorney Pitt's efforts in the late 1980's [ (sic) ] that preserved Claimant's entitlement [t]o workers' compensation and ultimately allowed her to receive this settlement. However, this Judge finds that Attorney Pitt was reasonably compensated for his past legal services. Attorney Pitt was paid a fee over the course of 26+ years of approximately $60,000.00. Moreover, there has been very little work performed in recent years. Claimant testified that there was basically no interaction between Attorney Pitt and her in the decades of the 1990's [ (sic) ] and 2000's [ (sic) ]. Since 2010, she met with Attorney Pitt for only 15 minutes on 4 occasions and there is evidence of only two short letters from Attorney Pitt to the carrier on her behalf. No testimony or other evidence was presented from Attorney Pitt to refute these facts, to establish the amount of labor exerted on the file or to establish that he was not adequately compensated for his efforts, despite this Judge continuing the matter after the hearing of October 2, 2012 for this very purpose (Notes of Testimony, 10/2/2012, pg 50–52).

c. In this Petition, [Current Counsel] seeks approval of his fee as of June 14, 2012. The fee between this date and the [C & R] has already been paid to Attorney Pitt and this issue is therefore moot. In any event, this Judge finds that limiting [Current Counsel] to the $15,000.00 fee generated from the settlement is fair and adequate compensation for his efforts. [Current Counsel]'s main accomplishment was negotiating the settlement and representing her through the [C & R] process. Therefore, it makes sense to link his fee to the fruit of his efforts, namely [twenty percent] of the settlement which amounts to $15,000.00.

(FOF ¶¶ 23–25 (footnote omitted).)

The WCJ then concluded that "Attorney Pitt is entitled to the [twenty percent] fee up to the date of the [C & R Agreement]. [Current Counsel] is entitle[d] to the entire [twenty percent] attorney fee from the settlement amount." (WCJ Decision, Conclusion of Law ¶ 3.) Pitt appealed to the Board, which affirmed. Pitt now petitions this Court for review.[1]

## DISCUSSION

On appeal, Pitt argues that the WCJ erred by awarding the entire contingency fee derived from the C & R Agreement to Current Counsel instead of equitably apportioning the fee between the two attorneys based in *quantum meruit.* Pitt contends that he should receive, at the least, twenty percent of the $35,000 settlement he negotiated that was rejected by Claimant. Current Counsel responds by contending that the WCJ had the authority to address the fee dispute and fairly allocated compensation for the work performed by the two attorneys.

---

1. "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger),* 38 A.3d 1037, 1042 n. 3 (Pa.Cmwlth.2011).

Pursuant to Section 442 of the Workers' Compensation Act[2] (Act), a WCJ has the authority to resolve fee disputes between two successive attorneys in a WC case when "the fee agreement or petition was filed before claimant discharges the attorney." *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445, 455 (Pa.Cmwlth.2006.) In *Hendricks*, we reasoned that the resolution of a fee dispute in the WC context must balance the attorney's legitimate expectations of a reasonable legal fee with the right of a claimant "to be represented by counsel of his or her choice." *Id.* at 456. While a claimant has the absolute right to be represented by counsel of her choice, "that right does not allow [her] to unilaterally negate [her] liabilities toward [her] former counsel." *Id.* at 455 (citing *Gingerich v. Workers' Compensation Appeal Board (U.S.Filter)*, 825 A.2d 788, 791 (Pa.Cmwlth.2003)). We held that "[t]he balancing of these two important interests, and its effect on the workers' compensation system, squarely places this issue within the competence of the WCJs and Board, authorities whose varied responsibilities also include guarding the workers' compensation system." *Id.* at 456. Accordingly, we must review the instant fee dispute in accordance with Section 442 of the Act and this Court's interpretation thereof.

Upon review, we conclude that the WCJ adequately balanced Claimant's right to select an attorney of her choice with both attorneys' expectations of receiving reasonable legal fees.[3] Claimant was dissatisfied with Pitt's representation during settlement negotiations and discharged him

prior to reaching a settlement with Employer's insurance carrier. (FOF ¶ 15.) Pitt's efforts ceased upon being discharged on June 13, 2012 and Current Counsel worked for seven months to reach a settlement with Employer's insurance carrier that resulted in the approval of the C & R Agreement on January 31, 2013 under which Claimant received $75,000 plus ongoing medical benefits. (FOF ¶¶ 19, 22.) Pitt argues that he should have been awarded an amount at least equivalent to twenty percent of the $35,000 settlement he negotiated on behalf of Claimant before it was rejected by Claimant. Claimant testified that Pitt did not perform any legal work for her for more than twenty years and Pitt introduced only two short letters sent to Employer's insurance carrier in 2012 in rebuttal. (FOF ¶ 25b.) Pitt was compensated with close to $60,000 during the time he represented Claimant. (FOF ¶ 25b.) Pitt was also compensated for the seven months of fees during which Current Counsel was representing Claimant and negotiating the C & R Agreement. (FOF ¶ 25c.) Under these circumstances, where no settlement offer was on the table when Current Counsel began to represent Claimant and it was Current Counsel who negotiated the C & R Agreement, the WCJ did not err or abuse his discretion by awarding the twenty percent fee from the C & R Agreement to Current Counsel. Pitt did not release Claimant from the fee agreement and the WCJ found that Pitt's efforts to preserve Claimant's WC benefits in 1986–89 set the stage for the C & R Agreement; along with Pitt's reasonable compensation for his past legal services, the WCJ awarded Pitt a reasonable fee of

---

2. Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 998.

3. Because Pitt's fee agreement with Claimant was approved by a WCJ on September 19,

1989, which was decades prior to his discharge on June 13, 2012, the WCJ had jurisdiction to resolve this dispute. *Hendricks*, 909 A.2d at 455.

twenty percent of Claimant's weekly WC benefits for an additional seven months after being discharged, thus also protecting Pitt's expectation of a reasonable fee. *See also Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.),* 109 A.3d 286 (Pa.Cmwlth.2015) (holding that Pitt was entitled to twenty percent of the claimant's recovery up to the C & R hearing and new counsel, who negotiated the C & R, was entitled to a twenty percent contingency fee).

Discerning no error or abuse of discretion in the WCJ's Decision to award the entire twenty percent C & R-related fee to Current Counsel and award a twenty per-cent fee to Pitt up to the date the C & R Agreement was approved, the Board's Order is affirmed.

### ORDER

**NOW,** April 1, 2015, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED.**