# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nalda Batista Cruz, :
                Petitioner :
  :
       v. : No. 2452 C.D. 2015
  : Submitted: July 1, 2016
Workers' Compensation Appeal :
Board (Clemens Family Corporation :
and Liberty Insurance Corporation), :
                Respondents :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  September 1, 2016**


Petitioner Nalda Batista Cruz (Claimant) petitions for review of an order of the Pennsylvania Workers' Compensation Appeal Board (Board). The Board affirmed the decision of a Workers' Compensation Judge (WCJ), denying Claimant's penalty petition against Clemens Family Corporation (Employer). For the reasons set forth below, we reverse the Board's order and remand the matter for further proceedings.

On April 4, 2012, Claimant sustained a lumbar injury while working for Employer. Employer accepted that injury pursuant to a compromise and release agreement (C&R), which WCJ Cathleen Sabatino approved by her decision circulated on June 7, 2013. The C&R provided for a payment by Employer to Claimant of $62,500 (less $12,500 in counsel fees) in satisfaction of Claimant's disability claim. With respect to medical bills, the C&R provided:

Employer shall either pay, per the Act, medical bills totaling $30,000 or medical bills for treatment provided on or before December 1, 2013, whichever comes first. In no event shall Employer's liability for medical bills exceed $30,000, regardless of the treatment that may be provided or the amounts that may be billed. In no event shall Employer be responsible for the payment of bills for the treatment provided on or after December 2, 2013, regardless of when, where or why such treatment might be provided. Claimant understands and agrees that Employer may pay less than $30,000 or that Employer's liability for payment of medical bills may end prior to December 1, 2013. In the event that, as of December 2, 2013, Employer has paid less that [sic] $30,000 for medical treatment, Employer shall promptly pay the difference to Claimant. No attorney's fee shall be deducted from this payment.

(Reproduced Record (R.R.) 54a.)

On or about July 24, 2014, Claimant filed a penalty petition, alleging that Employer failed to pay Claimant for her medical bills in accordance with the C&R. Employer paid $18,350.13 for Claimant's medical treatment from the onset of her injury through December 1, 2013. Employer paid Claimant an additional $11,649.87 (the difference between the $30,000 cap in the C&R and the total amount Employer paid for Claimant's medical treatment). Claimant argues that Employer's payment to Claimant under the medical treatment payment provision of the C&R should have been greater. She contended that the $30,000 cap applied only to medical bills paid from the date of the C&R up to December 1, 2013, and did not include bills that Employer had already paid. From the date of the C&R to December 1, 2013, Employer paid only $5,758.38 in medical bills. The difference between that amount and the $30,000 cap is approximately $24,241.62, to which Claimant claims she was entitled under the terms of the C&R. As Employer remitted to Claimant only $11,649.87, Claimant alleged that she was owed the

2

balance of $12,591.75. Based upon that contention, Claimant asserted that Employer failed to comply with the medical treatment payment provision in the C&R and sought penalties from Employer for an alleged violation of Section 435(d) of the Workers' Compensation Act (Act).[1]

WCJ Brian Puhala conducted a hearing on Claimant's penalty petition. WCJ Puhala's written decision included findings of fact, confirming the all of the payments above, with the exception of the amount Employer paid toward Claimant's medical bills between the date of the C&R and December 1, 2013. WCJ Puhala rejected Claimant's proffered reading of the medical treatment payment provision of the C&R, reaching the following relevant legal conclusions:

3. The language of the [C&R] is the exclusive source of the terms between the parties;

4. The clear language of the [C&R] provides [that Employer] would pay medical bills for Claimant's work injury through December 1, 2013, subject to a $30,000 ceiling. There is no language in the [C&R] stating that this obligation began as of the date of the [C&R] or the approval thereof, as argued by Claimant;

5. Claimant's argument that the $30,000 ceiling began as of 6/6/2013 is not supported by language in the [C&R].

(WCJ Puhala decision at 4; R.R. at 19a.)

Claimant appealed to the Board, arguing that WCJ Puhala erred by failing to find a latent ambiguity in the medical treatment payment provision of the C&R based on parole evidence—that being Claimant's testimony as to her

---

[1] Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 930, *as amended*, 77 P.S. § 991(d).

3

understanding of what the provision meant. The Board, however, concluded that the C&R did not contain ambiguous language or language that is susceptible to different constructions. (Board Op. at 4.) Based upon that view, the Board opined that the parol evidence rule did not apply and affirmed WCJ Puhala's decision.

Claimant petitioned for review of the Board's order,[2] raising the following issues: (1) whether WCJ Puhala and the Board erred as a matter of law in concluding that the parol evidence rule does not apply; and (2) whether WCJ Puhala and the Board erred in failing to address Claimant's testimony, which, he contends, provides evidence that a latent ambiguity exists in the C&R.

"[A] compromise and release agreement only extinguishes liability which is claimed to exist under the Act where the person with the claim specifically agrees to relieve the liable person from that liability." *Gingerich v. Workers' Comp. Appeal Bd. (U.S. Filter)*, 825 A.2d 788, 791 (Pa. Cmwlth.), *appeal denied*, 839 A.2d 354 (Pa. 2003). When construing contracts to determine the intent of the parties, courts must consider first the words of the contract, and when the words are clear and unambiguous, courts must rely upon the express language of the agreement to find intent. *Crawford v. Workers' Comp. Appeal Bd. (Centerville Clinics)*, 958 A.2d 1075, 1083 (Pa. Cmwlth. 2008). A latent ambiguity, however, may arise from collateral circumstances, rendering the meaning of what was perceived to be an unambiguous writing uncertain. *Krizovensky v. Krizovensky*, 624 A.2d 638, 643 (Pa. Super. 1993). Courts regard

---

[2] Our review is limited to considering whether an error of law occurred, whether any constitutional rights were violated, and whether necessary factual findings are supported by substantial evidence. 2 Pa. C.S. § 704.

the express language of a contract as sufficiently clear and, thus, binding, when the terms of the agreement are not susceptible to more than one interpretation. *Amerikhol Mining, Inc. v. Mount Pleasant Twp.*, 727 A.2d 1179, 1182 (Pa. Cmwlth. 1999). If, on the other hand, the terms of a contract give rise to more than one reasonable interpretation, courts are free to consider extrinsic evidence, including parol evidence, which may resolve the ambiguity. *Id.*

Turning to the language of medical treatment payment provision in the C&R, we agree with WCJ Puhala's and the Board's assessment that the provision is not ambiguous on its face. Under the provision, Employer "shall pay" Claimant's medical bills up to December 1, 2013, or up to maximum amount of $30,000.00, whichever first occurs. To the extent that Employer's medical payments are less than $30,000.00 as of December 2, 2013, Claimant is entitled to a payment from Employee of the difference. This much seems clear. It was not until Employer actually paid Claimant "the difference" that, in Claimant's view, a latent ambiguity in the provision arose as to what medical payments by Employer should count toward the $30,000 cap. That latent ambiguity is founded, at least in part, on the absence of any language in the provision that specifically addresses the date on which Employer's liability for medical treatment payments under the provision begins for purposes of applying payments toward the $30,000.00 cap.

We, however, disagree with both WCJ Puhala and the Board that there is no language in the C&R that supports Claimant's preferred interpretation of the medical treatment payment provision. The first sentence of the medical treatment payment provision of the C&R provides: "Employer *shall* either *pay*, per the Act, medical bills totaling $30,000 or medical bills for treatment provided on or before December 1, 2013, whichever comes first." (Emphasis added.) Use

5

of the phrase "shall . . . pay" suggests a command to act in the future, supporting Claimant's proffered interpretation that only medical treatment that Employer paid pursuant to the C&R and thus after the parties executed the C&R should be applied toward the $30,000 cap.

We conclude that Claimant has proffered a reasonable, alternative construction of the medical treatment payment provision in the C&R to that Employer advances and upon which Employer based its $11,649.87 payment to Claimant. Accordingly, we reverse the Board's order and remand the matter to the Board with the direction to remand the matter to the WCJ for additional proceedings, as needed, in order to determine the intent of the parties with regard to the medical treatment payment aspect of the C&R and to render a decision on Claimant's penalty petition.

<br>

_____
P. KEVIN BROBSON, Judge

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Nalda Batista Cruz, : 
                  Petitioner : 
                   : 
          v. :   No. 2452 C.D. 2015
                   : 
Workers' Compensation Appeal : 
Board (Clemens Family Corporation : 
and Liberty Insurance Corporation), : 
              Respondents : 

# O R D E R

AND NOW, this 1st day of September, 2016, the order of the Workers' Compensation Appeal Board (Board) is REVERSED. The matter is REMANDED to the Board with the direction to remand the matter to the Workers' Compensation Judge for further proceedings as required.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge