IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavery Law,                                          :
                                                     : No. 594 C.D. 2016
                            Petitioner               : Submitted: September 23, 2016
                                                     :
                    v.                               :
                                                     :
Workers' Compensation Appeal                         :
Board (Two Brothers Italian Grill                    :
and Bar and George Drivas),                          :
                                                     :
                            Respondents              :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED:  November 29, 2016


           Lavery Law petitions for review of the April 1, 2016, order of the
Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers'
compensation judge (WCJ) to grant the Faherty Law Firm all attorney fees payable
on and after March 28, 2015, the date that George Drivas (Claimant) discharged
Lavery Law and retained the Faherty Law Firm.[1]  We affirm.

---

[1] The WCJ's decision also disposed of:  (1) NorGuard Insurance Company's (NorGuard) petitions for modification, suspension, and review; (2) NorGuard's physical examination petition; (3) Claimant's penalty petition; and (4) Claimant's reinstatement petition.

On October 1, 2006, Claimant sustained a left lower leg fracture while in the course and scope of his employment at Two Brothers Italian Grill and Bar (Employer). (WCJ's Findings of Fact, No. 1.) Claimant began receiving workers' compensation (WC) benefits on April 2, 2007. (*Id.*, No. 2.)

On October 3, 2008, Claimant and Lavery Law executed a 20 percent contingent fee agreement (First Fee Agreement), which provided that Lavery Law would receive the following payment for its services: (1) 20 percent of any moneys recovered by Lavery Law as result of Claimant's claim, including awards for past and future WC benefits; (2) 20 percent of any settlement; and (3) costs advanced by Lavery Law in connection with the claim. (N.T., 4/10/15, at 17; Ex. J-3.)

The WCJ approved the First Fee Agreement on January 23, 2012, (WCJ's Findings of Fact, No. 33) in an order denying modification and review petitions filed by Employer's insurance carrier, NorGuard Insurance Company (NorGuard). (*Id.*, No. 5.) The WCJ's order directed NorGuard to "deduct 20% from the payment of wage-loss benefits and pay the 20% to Claimant's attorney." (N.T., 4/10/15, at 18, Ex. J-6.)

On March 6, 2013, NorGuard filed modification, suspension, and review petitions, alleging that Claimant's WC benefits were incorrectly calculated. (WCJ's Findings of Fact, No. 7.) Subsequently, Claimant filed a reinstatement petition and a penalty petition. (*Id.*, Nos. 17, 18.) NorGuard later filed a petition for physical examination. (*Id.*, No. 21.)

2

On March 28, 2015, Claimant discharged Lavery Law and signed a 20 percent contingent fee agreement (Second Fee Agreement) with Michael F. Faherty, Esquire, of the Faherty Law Firm. (*Id.*, Nos. 25, 26.) Faherty had left his employment at Lavery Law (*id.*, No. 25), where he had worked on Claimant's WC case file. (N.T., 4/10/15, at 8.)

On April 10, 2015, the WCJ held a hearing to discuss a fee dispute between Lavery Law and the Faherty Law Firm. (WCJ's Findings of Fact, No. 25.) Lavery Law and the Faherty Law Firm agreed that, as of the date of the hearing, Lavery Law was still receiving 20 percent attorney fees in relation to Claimant's WC matter. (N.T., 4/10/15, at 9.) Lavery Law argued that it had billed 228.7 hours, equal to $21,346.50 in time, to Claimant's file but received only $14,321.96 in attorney fees.[2] (*Id.* at 8.) Lavery Law argued that it was owed $7,025.04 in *quantum meruit*[3] for the difference between the amount billed and the amount received. (*Id.*) Lavery Law requested half of any attorney fees received by the Faherty Law Firm until Lavery Law recouped $7,025.04. (*Id.*; WCJ's Findings of Fact, No. 25.) Lavery Law also requested that the Faherty Law Firm pay Lavery Law's litigation costs. (WCJ's Findings of Fact, No. 25.)

On July 6, 2015, the WCJ filed an interlocutory order approving the Second Fee Agreement and directing Lavery Law to pay the Faherty Law Firm any

---

[2] Lavery Law submitted an itemized list of billed services. (N.T., 4/10/15, at 17, Ex. J-17.)

[3] "*Quantum meruit*" means "as much as he has deserved" and refers to "[a] claim or right of action for the reasonable value of services rendered." Black's Law Dictionary 1361-62 (9th ed. 2009).

attorney fees that Lavery Law received from March 28, 2015, through and including July 6, 2015. (*Id.*, No. 26.) The WCJ also directed NorGuard to pay the Faherty Law Firm 20 percent of Claimant's wage-loss benefits. (*Id.*)

On December 10, 2015, the WCJ issued a decision denying NorGuard's petitions for modification, suspension, and review, dismissing NorGuard's physical examination petition as moot, and denying Claimant's penalty petition. (WCJ's Conclusions of Law, Nos. 2-3.) The WCJ granted in part Claimant's reinstatement petition and awarded Claimant two closed periods of temporary total disability benefits. (*Id.*, No. 4.)

In regard to the fee dispute, the WCJ found that Lavery Law was not entitled to any additional attorney fees because it "already received over $14,000.00 in fees between the January 23, 2012 decision approving the 20% fee agreement through March 27, 2015," the last day that Lavery Law represented Claimant. (WCJ's Findings of Fact, No. 33) Therefore, the WCJ: (1) awarded the Faherty Law Firm all attorney fees payable on or after March 28, 2015; (2) directed Lavery Law to reimburse the Faherty Law Firm for any attorney fees payable on or after March 28, 2015; (3) directed the Faherty Law Firm to reimburse Lavery Law for any litigation costs not reimbursed by NorGuard; and (4) approved the Second Fee Agreement. (WCJ's Conclusions of Law, Nos. 5, 7.) Lavery Law appealed to the WCAB, which

4

affirmed the WCJ's allocation of attorney fees. Lavery Law now petitions for review of that decision.[4]

Lavery Law argues that the WCJ erred in not awarding Lavery Law $7,025.04 in *quantum meruit* for uncompensated legal services that Lavery Law provided Claimant from October 3, 2008, through February 27, 2015, and directing that this award be deducted from any future attorney fees received by the Faherty Law Firm. We disagree.

A WCJ has the authority to resolve attorney fee disputes between successive counsel when the former counsel filed a fee agreement before he or she was discharged. *Bierman v. Workers' Compensation Appeal Board (Philadelphia National Bank)*, 113 A.3d 38, 42 (Pa. Cmwlth. 2015). "[T]he WCJ is granted the authority to determine what constitutes a reasonable attorney fee." *Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.)*, 109 A.3d 286, 289 (Pa. Cmwlth. 2015). In resolving a fee dispute between successive counsel, the WCJ "must balance the attorney's legitimate expectations of a reasonable legal fee with the right of a claimant 'to be represented by counsel of his or her choice.'" *Bierman*, 113 A.3d at 42 (citation omitted). Once the claimant severs the contractual relationship with counsel, the former counsel may only recover fees based on the work he or she performed pursuant to the fee agreement up to that point. *Mayo*, 109 A.3d at 290.

---

[4] This court's review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. 2 Pa. C.S. §704.

Here, the First Fee Agreement limited Lavery Law's attorney fees to 20 percent of WC benefits, settlements, or other sums recovered by Lavery Law in relation to Claimant's WC claim. As noted by the WCJ, Lavery Law received over $14,000 in attorney fees pursuant to the First Fee Agreement before Claimant discharged Lavery Law on March 28, 2015. Thus, although Lavery Law argues that it is also entitled to $7,025.04 in *quantum meruit* for services billed at an hourly rate, Lavery Law already received such attorney fees that it is due under the agreed-to terms of the First Fee Agreement.[5]

Moreover, Lavery Law provides no explanation as to why an award of *quantum meruit* should be recovered from the Faherty Law Firm's attorney fees. *Quantum meruit* is an "equitable remedy of restitution where one person has been unjustly enriched by the services of another." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1250 n.4 (Pa. 2016). Here, Lavery Law states that its *quantum meruit* claim is primarily based on services that it provided Claimant prior to the approval of the First Fee Agreement.[6] However, Lavery Law does not argue that the Faherty Law Firm benefited from these services. Under these circumstances, the WCJ did not abuse his discretion when he

---

[5] Lavery Law does not argue that it failed to receive any sums owed to it under the terms of the First Fee Agreement.

[6] In its brief, Lavery Law states that "[t]he primary reason why [it] was never completely 'made whole' and the reason why it has a *quantum meruit* claim is because it performed work for Claimant for a period of four (4) years (2008-2012) during which time it received no remuneration for its services because the fee agreement entered into by the parties in 2008 was not approved by the WCJ until 2012." (Lavery Law's Br. at 10.)

declined to award Lavery Law any portion of future attorney fees received by the Faherty Law Firm.[7]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[7] Lavery Law argues that the WCJ "failed to address, in any regard" Lavery Law's *quantum meruit* argument. (Lavery Law's Br. at 5.) However, the WCJ addressed Lavery Law's *quantum meruit* argument by finding that Lavery Law was not entitled to any of the Faherty Law Firm's attorney fees, from which Lavery Law sought to recover $7,025.04 in *quantum meruit*, because Lavery Law had already received the attorney fees it was owed pursuant to the First Fee Agreement.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavery Law,                                    :
                                               : No. 594 C.D. 2016
                          Petitioner           :
                                               :
            v.                                 :
                                               :
Workers' Compensation Appeal                   :
Board (Two Brothers Italian Grill              :
and Bar and George Drivas),                    :
                                               :
                       Respondents             :

O R D E R

AND NOW, this 29<u>th</u> day of <u>November</u>, 2016, we hereby affirm the
April 1, 2016, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge