# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilfredo Cruz-Ortiz,          :
         Petitioner          :
         :
         v.          : No. 1459 C.D. 2016
         : Submitted: March 31, 2017
Workers' Compensation Appeal          :
Board (McFarland Landscape          :
Service),          :
         Respondent          :
         :
Petition of: Amit Shah          :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: April 27, 2017

Amit Shah petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) denying his review petition for a contingent fee of any future settlement that is equal to the fee he would have secured had his previous client, Wilfredo Cruz-Ortiz (Claimant), not discharged him and then rejected the settlement offer that he negotiated.[1] We affirm.

---

[1] The WCJ also ordered escrowed attorney's fees payable to Claimant's subsequent counsel.

On November 26, 2012, Claimant sustained a work-related injury while working for McFarland Landscape Service (Employer). Soon thereafter, he retained Amit Shah and Martin LLC, (collectively, Prior Counsel) to represent him regarding a workers' compensation (WC) claim involving his work-related injuries.[2] Claimant executed a fee agreement with Prior Counsel providing for a fee of 20 percent of any monies recovered as a result of Claimant's WC claim, including awards for past and future WC benefits, and 20 percent of any settlement as well as any costs advanced.

On December 11, 2012, Employer issued a Notice of Temporary Compensation Payable (NTCP) indicating that Claimant sustained a contusion/strain of the left upper arm and lower back when a tree fell on him while pruning trees and Claimant began receiving weekly benefits.[3] Claimant returned to work on January 22, 2013, and the next day Employer issued a notification of suspension or modification pursuant to Section 413(c) of the Workers' Compensation Act (Act).[4]

---

[2] Although the Workers' Compensation Contingent Fee Agreement between Claimant and Prior Counsel is not dated, both parties agree that Claimant engaged Prior Counsel on December 6, 2012.

[3] Claimant's average weekly wage at the time of injury was $769.16, with a corresponding compensation rate of $512.80.

[4] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of July 1, 1978, P.L. 692, 77 P.S. § 774.2.

Claimant, through Prior Counsel, then filed a claim petition. On May 10, 2013, the WCJ issued an order adopting a stipulation drafted by Employer's counsel and Prior Counsel stipulating that a Notice of Compensation Payable (NCP) would be issued in which Employer agreed to pay Claimant partial indemnity benefits from November 26, 2012, to February 23, 2013, and total disability benefits on and after February 24, 2013. The stipulation also approved a 20 percent fee to Prior Counsel pursuant to the fee agreement.

On August 6, 2014, Employer filed a Petition to Seek Approval of a Compromise and Release Agreement (C & R petition) it negotiated with Prior Counsel in the amount of $65,000. While approval of the C & R petition was pending, Claimant discharged the services of Prior Counsel on December 5, 2014.

On the same day of Prior Counsel's discharge, Claimant engaged and entered into a contingent fee arrangement with David Stern of Pond, Lehocky, Stern and Giordano (Subsequent Counsel). Subsequent Counsel then requested the withdrawal of the pending C & R petition and filed a petition to review seeking to amend the description of Claimant's recognized work injury, contending that the NCP negotiated in the stipulation was "materially incorrect as it does not include my L4-5 disc herniation that requires surgery." (Reproduced Record (R.R.) at 19a.) On December 12, 2014, the WCJ issued an order dismissing the C & R petition without prejudice.

Notwithstanding the C & R petition's dismissal, Prior Counsel then filed a petition to review compensation benefits (review petition) requesting, in

relevant part, the "protection and award of 20% of the $65,000 offer [that would have been afforded if the C & R petition had been approved], which prior counsel was able to secure for the Claimant."[5] (Record (R.) Item "Review Petition Filed By Claimant, 02/09/2015.")

Before the WCJ,[6] Claimant confirmed[7] that Prior Counsel represented him, that he decided to discharge Prior Counsel and retain Subsequent Counsel in December 2014, and that he was continuing to receive WC benefits pursuant to the May 10, 2013 stipulation negotiated by Prior Counsel. He testified that as of the day of the hearing, Prior Counsel was continuing to receive 20 percent of his weekly wage benefits pursuant to the original fee agreement.[8]

---

[5] The review petition also sought the "protection and ongoing award of its 20% weekly fee based on counsel securing weekly benefits for the Claimant." (R. Item "Review Petition Filed By Claimant, 02/09/2015.")

[6] Pursuant to Section 442 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 998, a WCJ has the authority to resolve fee disputes between two successive attorneys in a WC case when "the fee agreement or petition was filed before claimant discharges the attorney." *Bierman v. Workers' Compensation Appeal Board (Philadelphia National Bank)*, 113 A.3d 38, 42 (Pa. Cmwlth. 2015).

[7] Claimant's testimony was provided through the aid of a Spanish interpreter.

[8] Prior Counsel also attempted to ask Claimant questions regarding a purported settlement agreement that he entered into in July 2014 which pertained to the withdrawn C & R petition. Upon Subsequent Counsel's objection, however, the WCJ did not permit testimony or evidence relating to the matter. As the WCJ reasoned:

> Honestly, I don't see what relevance the [withdrawn C & R petition] has to whether I should be putting [Subsequent Counsel] on the fee right now. It didn't go through. We all know that it didn't go through and I think it was in front of me and it didn't go through and, at this point – and I don't see what the point is of

**(Footnote continued on next page…)**

4

Relying on *Mayo v. Workers' Compensation Appeal Board (Goodman Distribution, Inc.)*, 109 A.3d 286, 289 (Pa. Cmwlth. 2015), the WCJ denied Prior Counsel's review petition because Claimant's C & R petition had been withdrawn and, because there was no recovery, no counsel fees were owed on the tentative $65,000 settlement offer that Prior Counsel had negotiated. Because the WCJ also determined that Prior Counsel was adequately compensated for legal work performed for Claimant, the WCJ extinguished Prior Counsel's fee agreement as of July 23, 2015, the day before an interlocutory order was issued directing Employer to begin escrowing a 20 percent attorney's fee pending the outcome of this matter, and that Subsequent Counsel was to receive a 20 percent contingent fee from that date forward.[9] Prior Counsel then appealed to the Board, which affirmed the WCJ's decision and this appeal followed.[10]

---

**(continued…)**

> opening that can of worms. Either he's entitled to get on the fee or not, or whether that [withdrawn C & R petition] went through or not, really at this point isn't relevant and it's really up for argument whether, if this matter does [a new C & R agreement] in the future, whether [Prior Counsel] would be entitled to a portion of that [C & R agreement] based on some of the new case law that has come down.

(N.T. 04/22/15 at 15.)

[9] Whether the WCJ's order properly awarded Subsequent Counsel 20 percent of the weekly wage benefits beginning July 24, 2015, has not been challenged on appeal.

[10] This Court's review is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

On appeal, Prior Counsel contends that attorney's fees are owed because the $65,000 offer to compromise and release the claim was "on the table" when he was discharged.[11] He contends that because the offer was "on the table," *Mayo*, the decision relied on by the WCJ, does not apply. Instead, we should look to our decision in *Bierman v. Workers' Compensation Appeal Board (Philadelphia National Bank)*, 113 A.3d 38 (Pa. Cmwlth. 2015), which Prior Counsel contends implicitly holds that when an offer is "on the table" when counsel is discharged, prior counsel is entitled to fees.[12]

In *Mayo*, a claimant's former counsel was discharged after the employer filed a petition for approval of a C & R agreement but more than two months before a hearing on a C & R agreement occurred. The claimant then hired new counsel, and the C & R agreement was executed some two to four months

---

[11] Prior Counsel also asserts that "the WCJ erred in not allowing the Claimant to testify about the $65,000 settlement offer. . . . However, despite this error, the WCJ found that this previously negotiated [offer] . . . was $65,000." (Petitioner's [Prior Counsel] Brief at 15.) Because Prior Counsel does not offer further argument for this issue and does not assert a harm deriving from the WCJ's determination, we conclude that Prior Counsel does not challenge the WCJ's sustaining of Subsequent Counsel's objection to testimony about the previous settlement offer.

[12] In *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445 (Pa. Cmwlth. 2006), we reasoned that the resolution of a fee dispute in the WC context must balance the attorney's legitimate expectations of a reasonable legal fee with the right of a claimant "to be represented by counsel of his or her choice." *Id.* at 456. While a claimant has the absolute right to be represented by counsel of his choice, "that right does not allow him to unilaterally negate his liabilities toward his former counsel." *Id.* at 455 (citing *Gingerich v. Workers' Compensation Appeal Board (U.S. Filter)*, 825 A.2d 788, 791 (Pa. Cmwlth. 2003)). We held that "[t]he balancing of these two important interests, and its effect on the workers' compensation system, squarely places this issue within the competence of the WCJs and Board, authorities whose varied responsibilities also include guarding the workers' compensation system." *Hendricks*, 909 A.2d at 456.

6

after the former counsel was discharged. The former counsel also acknowledged that the firm did not have a settlement offer from Employer prior to discharge.

On appeal, the former counsel alleged that the fee with respect to the C & R settlement should have been allotted between him and new counsel based on the relative amount of work each performed. We rejected that argument, adopting the rationale in *Mager v. Bultena*, 797 A.2d 948 (Pa. Super. 2002), that attorneys do not acquire vested interests in clients' actions. Specifically, in *Mager*, the Superior Court stated:

> No Pennsylvania appellate court has ever awarded a proportionate share of a contingency fee to a firm discharged by the client well prior to the occurrence of the contingency, for the simple reason that a client may discharge an attorney at any time, for any reason. Once the contractual relationship has been severed, any recovery must necessarily be based on the work performed pursuant to the contract up to that point. **Where the contingency has not occurred, the fee has not been earned**.

797 A.2d at 957-58 (internal footnote omitted) (emphasis added).

Prior Counsel contends that *Bierman* should apply because it implied that if such an offer was "on the table" at the time the former counsel was discharged, the former counsel was entitled to the fee. In that case, the claimant's former counsel was discharged because that claimant was dissatisfied with his representation during settlement negotiations with the employer's insurance carrier. While the former counsel had negotiated a $35,000 offer for settlement,

7

that offer was rejected by claimant prior to the attorney's discharge. Accordingly, when the claimant's subsequent counsel began to represent claimant, there was no offer still "on the table," negotiations were not ongoing and subsequent counsel began negotiations fresh and anew. *Bierman*, 113 A.3d at 41. It took seven months before a C & R Agreement was entered for $75,000 plus ongoing medical benefits.

On appeal to this court, the former counsel in *Bierman* alleged that he was entitled to the amount of the C&R settlement at least equivalent to the fee he would have received had the $35,000 settlement offer been accepted. We concluded, however, that the former counsel was not entitled to a contingent portion of the settlement proceeds because, "Under these circumstances, where no settlement offer was on the table when Current Counsel began to represent Claimant and it was Current Counsel who negotiated the C & R Agreement, the WCJ did not err or abuse his discretion by awarding the twenty percent fee from the C & R Agreement to Current Counsel." *Bierman*, 113 A.3d at 42.

Here, just because Prior Counsel's negotiated offer was "on the table" when he was discharged does not entitle him to counsel fees. What the above cases demonstrate is that a prior counsel is not entitled to a contingent fee unless the contingency has actually occurred – *i.e.*, the C & R agreement was approved. Here, where Subsequent Counsel took Prior Counsel's negotiated offer "off the table" by requesting the withdrawal of the C & R petition, it is clear that such a contingency has not occurred.

8

Having said all that, where a client engages in conduct or allows conduct of others that is intended to deprive his former attorney of his fee – conduct that has not been alleged here – such as when an offer is "taken off the table" by subsequent counsel and then shortly thereafter a similar offer to compromise and release is accepted, the balancing test enunciated in *Hendricks* could tip the balance that former counsel is entitled to fees. *See Mager*.

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

Judge McCullough did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilfredo Cruz-Ortiz, : 
                Petitioner : 
                 :
           v. : No. 1459 C.D. 2016
                 :
Workers' Compensation Appeal : 
Board (McFarland Landscape : 
Service), : 
              Respondent : 
                 :
Petition of:  Amit Shah : 

# **O R D E R**

AND NOW, this 27th day of April, 2017, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated August 2, 2016, is affirmed.

 

_____

DAN PELLEGRINI, Senior Judge